```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

WILLIAM H. BELL, JR.,[1]

       Petitioner,

vs.                            Case No. 3:15-cv-1500-J-39MCR

SECRETARY, DOC, et al.,

       Respondents.

_____

### ORDER

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on December 16, 2015, pursuant to the mailbox rule.[2] He also filed an Attachment (Doc. 4). He challenges his 2011 Duval County conviction for two counts of aggravated assault, one count of aggravated stalking, and one count of possession of a firearm by a convicted felon.

---

[1] The Clerk shall correct the docket, adding "Jr." to Petitioner's name.

[2] The Petition was filed with the Clerk on December 18, 2015; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (December 16, 2015). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Respondents, in their Motion to Dismiss (Response) (Doc. 23), contend that Petitioner has failed to comply with the one-year limitation period. They provide exhibits in support of their contention. (Doc. 23).[3] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 7). Petitioner filed a reply (Reply) (Doc. 24).

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

---

[3] The Court refers to the Respondents' Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

>     initially recognized by the Supreme
>     Court, if the right has been newly
>     recognized by the Supreme Court and
>     made retroactively applicable to
>     cases on collateral review; or
>
>     (D) the date on which the factual
>     predicate of the claim or claims
>     presented could have been discovered
>     through the exercise of due
>     diligence.
>
>     (2) The time during which a properly filed
>     application for State post-conviction or other
>     collateral review with respect to the
>     pertinent judgment or claim is pending shall
>     not be counted toward any period of limitation
>     under this subsection.

28 U.S.C. § 2244(d).

Respondents provide a detailed procedural history in the Response. Response at 1-3. The Court will provide a brief procedural history. A jury found Petitioner guilty as charged. Ex. A at 61-64. On January 11, 2014, judgment and sentence were entered. Id. at 83-91. Petitioner appealed. Ex. D; Ex. E; Ex. F. The First District Court of Appeal (1st DCA) affirmed per curiam on September 14, 2011. Ex. G. Petitioner moved for rehearing, Ex. H, and the 1st DCA denied rehearing on October 31, 2011. Ex. I. The mandate issued on November 16, 2011. Ex. J. The conviction became final on January 29, 2012 (90 days after October 31, 2011) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is

timely filed, within 90 days of the appellate court's denial of that motion.").

The limitation period began to run on January 30, 2012, and ran for 214 days, until Petitioner filed a Rule 3.800(a) motion in the circuit court on August 31, 2012, pursuant to the mailbox rule. Ex. K at 1-22. The circuit court denied the motion in an order filed March 21, 2014. Id. at 23-37. Petitioner appealed, id. at 38-41. On July 8, 2014, the 1st DCA affirmed per curiam. Ex. P. The mandate issued on August 29, 2014. Id. As such, the one-year limitation period remain tolled until the mandate issued. The limitation period began to run on August 30, 2014, and the one-year period expired 151 days later, on Wednesday, January 28, 2015. Therefore, the Petition, filed pursuant to the mailbox rule on December 16, 2015, is untimely filed.

Although Petitioner filed a Rule 3.850 motion on November 14, 2014, Ex. Q at 1-66, the circuit court dismissed the Rule 3.850 motion with prejudice as untimely filed. Id. at 67-80. Thus, this motion for post conviction relief did not toll the running of the limitation period. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (a post conviction motion found to be untimely filed is not properly filed and does not toll).

Even though Petitioner filed a petition for belated appeal on April 14, 2014 pursuant to the mailbox rule, Ex. W, a petition for belated appeal "does not qualify as an application for collateral

review." Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1304 (11th Cir. 2016). As a result, there was no statutory tolling of the one-year statute of limitation by the filing of a motion for belated appeal. Simply, "filing a petition for belated appeal of an order denying state collateral relief does not toll the federal limitation period for a petition for a writ of habeas corpus." Id. at 1305 (quoting Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015)). Furthermore, the 1st DCA construed the petition to be an application seeking leave to file a belated post conviction motion, and transferred it to the circuit court. Ex. X. The circuit court dismissed the petition as moot because the Court already addressed the motion, finding it untimely filed. Ex. AA.

Petitioner apparently contends that he is entitled to equitable tolling. In his Reply, he asserts that he was unable to file a timely Rule 3.850 motion because his attorney, Richard Sichta, withheld depositions and transcripts. Reply at 1. Petitioner states he tried to toll the time for filing a Rule 3.850 motion by filing a Rule 3.800(a) motion. Id. He blames his appellate counsel, Mr. Sichta, for withholding beneficial documents, claiming that this action hindered Petitioner's ability to prepare his Rule 3.850 motion. Id.

Thus, Petitioner urges this Court to find that his untimely filing of his federal Petition should be contributed to circumstances beyond his control. Petitioner contends that he is

entitled to some equitable tolling due to the fact that his appellate counsel failed to furnish him with documents. Of note, the AEDPA limitations period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). There is a two-pronged test for equitable tolling. It requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). The Court concludes that Petitioner has not met the burden of showing that equitable tolling is warranted.

Petitioner contends that counsel's failure to provide him with copies of documents prevented him from preparing, researching, and drafting his Rule 3.850 motion. Reply at 1-2. The Court finds Petitioner's argument unavailing. Petitioner's inability to obtain free copies of all of the documents he desired from his criminal case is not an extraordinary circumstance. Indeed, it is a common occurrence. See Williams v. Sec'y, Dep't of Corr., No. 8:07-cv-458-T-30EAJ, 2009 WL 1046131, at *2 (M.D. Fla. Apr. 20, 2009) (not reported in F.Supp.2d) (finding a public records request and litigation concerning that request is not a collateral attack and does not toll); Ramirez v. Sec'y, DOC, No. 3:13-cv-979-J-39JRK, 2015 WL 6704312, at *3 (M.D. Fla. Nov. 3, 2015) (not reported in F.Supp. 3d) (noting that petitioner sought an order from the trial court directing counsel to provide petitioner with free copies of records and files, but it did not toll the limitation period).

Petitioner's own documents reflect that appellate counsel did not have copies of any depositions. Letter from Richard A. Sichta, Esquire, Dated January 3, 2013 (Doc. 24-1 at 10-11). Mr. Sichta apprised Petitioner that no deposition transcripts were included in the appellate record, as clearly reflected in the table of contents of the record on appeal. Id. at 11.

With regard to Plaintiff's request for transcripts, the record demonstrates that Mr. Sichta received Petitioner's August 28, 2012 letter requesting transcripts, the mandate, and any dispositions of

his case. Letter from Mr. Sichta, Dated September 5, 2012 (Doc. 24-1 at 16). Mr. Sichta provided Petitioner with a copy of the disposition from the 1st DCA and the mandate, although Petitioner had already provided Mr. Sichta with a copy of the mandate. Id. Mr. Sichta responded that the records were voluminous, and Petitioner should have one of his family members schedule a visit to retrieve the records. Id. Apparently, Petitioner's family members had difficulty getting to the office to retrieve the record, and once the records were retrieved, they had difficulty getting the records to Petitioner due to failure to comply with institutional rules. The record shows that Petitioner and/or his family members were repeatedly informed that in order for Petitioner to receive the voluminous records at the prison, he had to obtain prior clearance from the warden, per institutional rules. (Doc. 1-1 at 43-46).

Nevertheless, Petitioner could have timely filed a Rule 3.850 motion without the transcripts and/or documents he now asserts the absence of which hindered his ability to timely file the motion. He could have sought leave to amend the post conviction motion upon acquiring the documents. Upon review, no extraordinary circumstances stood in his way and prevented him from timely filing his Petition. Although additional records may have eased his task, Petitioner certainly had sufficient documentation and information to adequately pursue his state court remedies and file a timely

federal petition, seeking leave to amend or to supplement the petition with additional records if he acquired them at a later date.  While the Court recognizes that the lack of a formal legal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (Not Reported in F.Supp.2d) (Report and Recommendation), report and recommendation adopted by the District Court on March 14, 2007.

Petitioner does not allege, and the record does not show, that the state impeded him from filing a timely § 2254 petition during the untolled periods.  Petitioner simply failed to pursue his rights diligently by filing timely state court motions and proceeding to federal court.  Although Petitioner was proceeding pro se in his state court proceedings, his status as a pro se filer is not a meritorious excuse and is insufficient to warrant equitable tolling.  Johnson v. United States, 544 U.S. 295, 311 (2005).

Under these circumstances, the Court is not persuaded that Petitioner acted diligently.  He let 214 days run before filing his first tolling qualified motion/petition, a Rule 3.800(a) motion. After that tolling period expired, he let 76 days run before filing an untimely state Rule 3.850.  Petitioner waited an inordinately long period of time after his criminal conviction became final on

January 29, 2012 to file his federal Petition on December 16, 2015.[4] The Court finds that he has not shown that he is entitled to extraordinary relief. Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show that he exercised due diligence in pursuing his state court remedies. Furthermore, Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.

Therefore, based on the record before the Court, the Court finds that Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. He had ample time to exhaust state remedies and prepare and file a federal petition. In this case, Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence. Therefore, the Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion to Rule (Doc. 40) is **DENIED AS MOOT**.

2. The Petition and the case are **DISMISSED WITH PREJUDICE.**

---

[4] The Court recognizes that there was an AEDPA-tolled period from August 31, 2012 through August 29, 2014.

3. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of November, 2017.

*[signature]*

BRIAN J. DAVIS
United States District Judge

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

sa 10/27
c:
William H. Bell, Jr.
Counsel of Record